## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 2:14-cv-14192-DMM

|  |  |
|---|---|
| **CONSERVATION ALLIANCE OF ST. LUCIE COUNTY, a Florida Not-for-Profit Corporation; and TREASURE COAST ENVIRONMENTAL DEFENSE FUND a/k/a INDIAN RIVERKEEPER** | ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) ) |
| **v.** | ) ) ) |
| **UNITED STATES DEPARTMENT OF TRANSPORTATION,** *et al.*, | ) ) ) |
| **Defendants.** | ) ) ) |

### DEFENDANTS' ANSWER

Pursuant to Federal Rule of Civil Procedure 8, Defendants, the United States Department of Transportation, the Federal Highway Administration, Victor Mendez, Acting Administrator of the Federal Highway Administration; Anthony Foxx, Secretary of the Department of Transportation, and James Christian, Division Administrator of the Florida Division of the Federal Highway Administration (collectively "Defendants"), by and through their undersigned counsel, submit the following Answer to the claims and allegations in the May 12, 2014 Complaint ("Complaint") (Dkt. No. 1) filed by Conservation Alliance of St. Lucie County and Treasure Coast Environmental Defense Fund a/k/a Indian Riverkeeper (collectively "Plaintiffs").

The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

### INTRODUCTION

1. The first sentence of Paragraph 1 constitutes Plaintiffs' characterization of its case to which no response is required. To the extent a response is required, Defendants deny the

allegations in the first sentence of Paragraph 1.  Defendants admit the allegations set forth in the second sentence of Paragraph 1.

2.      With regard to the first sentence of Paragraph 2, Defendants admit that the Preserves may be considered a state and regional natural resource.  The remaining allegations set forth in the first sentence of Paragraph 2 constitute Plaintiffs' opinion and characterization of fact to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in the first sentence of Paragraph 2.  Defendants admit the allegations set forth in the second sentence of Paragraph 2.  Defendants deny the allegations set forth in the third sentence of Paragraph 2, but aver that the Preserves are a unique ecosystem, and that the Project Area included wetland and upland habitats that have received moderate to high quality sores on the Florida Wildlife Commission's Integrated Wildlife Habitat Ranking System.  Defendants further aver that the Preserves contain a variety of temperate and subtropical species.  Defendants admit the allegations set forth in the fourth and fifth sentences of Paragraph 2.

3.      Defendants admit the allegations set forth in the first sentence of Paragraph 3.  The allegations set forth in the second sentence of Paragraph 3 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in the second sentence of Paragraph 3, and deny any violation of law whatsoever.

## JURISDICTION AND VENUE

4.       The allegations set forth in Paragraph 4 constitute conclusions of law to which no response is required.

5.      Defendants admit that a substantial part of the events or omissions giving rise to the claims alleged in Plaintiffs' Complaint occurred in this judicial district and that the Project is located in this judicial district.  The remaining allegations in Paragraph 5 constitute conclusions of law to which no response is required.

## PARTIES

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and on this basis deny the allegations.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first, second and third sentences of Paragraph 7, and on this basis deny the allegations.  Defendants deny the allegations set forth in the fourth and fifth sentences of Paragraph 7, and deny any violation of law whatsoever.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in first through the fifth sentences of Paragraph 8, and on this basis deny the allegations.  Defendants deny the allegations set forth in the sixth sentence of Paragraph 8, and deny any violation of law whatsoever.  Defendants admit the allegations set forth in the seventh sentence of Paragraph 8.

9.      Defendants admit the allegations set forth in Paragraph 9.

10.     Defendants admit the allegations set forth in Paragraph 10.

11.     Defendants admit the allegations in Paragraph 11.

12.     Defendants deny the allegations in the first sentence of Paragraph 12, but aver that Victor M. Mendez is the Acting FHWA Administrator. The allegations in the second sentence of Paragraph 12 constitute Plaintiff's characterization of their case, to which no response is required.

13.     Defendants admit the allegations in the first, second, and third sentences of Paragraph 13. The allegations in the fourth sentence of Paragraph 13 constitute Plaintiff's characterization of their case, to which no response is required.

## LEGAL FRAMEWORK

### Section 4(f) of the Transportation Act
### (23 U.S.C. § 138; 49 U.S.C. § 303[1])

14.     The allegations set forth in the first sentence of Paragraph 14 purport to characterize and quote from the court's decision in *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415 (1971), which speaks for itself and is the best evidence of its contents.  The allegations set forth in the second sentence of Paragraph 14 purport to characterize and quote from 49 U.S.C. § 303(c), which speaks for itself and is the best evidence of its contents.  The allegations set forth in the second sentence of Paragraph 14 also constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in the second sentence of Paragraph 14.  The allegations set forth in the third sentence of Paragraph 14 purport to characterize and quote from the court's decision in *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 411 (1971), which speaks for itself and is the best evidence of its contents.

15.     The allegations set forth in Paragraph 15 purport to characterize and quote from 23 C.F.R. § 774.17, which speaks for itself and is the best evidence of its contents.  The allegations set forth in Paragraph 15 also constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

16.     The allegations set forth in Paragraph 16 purport to characterize and quote from 23 C.F.R. § 774.17, which speaks for itself and is the best evidence of its contents.  The allegations set forth in Paragraph 16 also constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

---

[1] Footnote 1 purports to purports to characterize the Federal-Aid Highway Act of 1968, which speaks for itself and is the best evidence of its contents.

17.     The allegations set forth in Paragraph 17 purport to characterize and quote from 23 C.F.R. § 774.17, which speaks for itself and is the best evidence of its contents.  The allegations set forth in Paragraph 17 also constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

18.     The allegations set forth in Paragraph 18 purport to characterize and quote from the court's decision in *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 411 (1971), which speaks for itself and is the best evidence of its contents.

19.     The allegations set forth in Paragraph 19 purport to characterize and quote from 23 C.F.R. § 774.3, which speaks for itself and is the best evidence of its contents.  The allegations set forth in Paragraph 19 also constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

20.     The allegations set forth in Paragraph 20 purport to characterize and quote from 23 C.F.R. § 774.3, which speaks for itself and is the best evidence of its contents.  The allegations set forth in Paragraph 20 also constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

21.     The allegations set forth in Paragraph 21 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

22.     The allegations set forth in the first sentence of Paragraph 22 purport to characterize and quote from 23 C.F.R. § 774.3, which speaks for itself and is the best evidence of its contents. The allegations set forth in the second sentence of Paragraph 22 purport to characterize and quote from 23 C.F.R. § 774.17, which speaks for itself and is the best evidence of its contents. The allegations set forth in first and second sentences of Paragraph 22 also constitute conclusions

of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## Administrative Procedure Act
### (5 U.S.C. § 706)

23.     The allegations set forth in Paragraph 23 purport to characterize the Administrative Procedure Act, 5 U.S.C § 706, which speaks for itself and is the best evidence of its contents. The allegations set forth in Paragraph 23 also constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

24.     The allegations set forth in Paragraph 24 purport to characterize and quote from the court's decision in *RTC. Transp., Inc. v. I.C.C.*, 708 F.2d 620, 622 (11th Cir. 1983) and *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 411 (1971), which speak for themselves and are the best evidence of their contents.

## FACTUAL BACKGROUND

### The Resources at Stake

25.     Defendants admit the allegations set forth in Paragraph 25.

**North Fork St. Lucie River Aquatic Preserve**

26.     Defendants admit the allegations set forth in the first sentence of Paragraph 26.  With regard to the second sentence of Paragraph 26, Defendants admit that the aquatic preserve was designated in 1972.  The remaining allegations set forth in the second sentence of paragraph 26 purport to characterize and quote from an unidentified source, which speaks for itself and is the best evidence of its contents.

27.     Defendants admit the aquatic preserve supports both temperate and subtropical species. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27, and on that basis they are denied.

28.    Defendants admit the allegations set forth in the first sentence of Paragraph 28.

Defendants deny the allegations set forth in the second sentence of Paragraph 28.

29.    The allegations set forth in Paragraph 29 purport to quote from and characterize

unidentified statements of the Florida Department of Environmental Protection, which speak for

themselves and are the best evidence of their contents.

30.    Defendants admit the allegations set forth in Paragraph 30.

**Savannas Preserve State Park**

31.    Defendants deny that the Savannas Preserve is an important regional park for hiking.

Defendants admit the remaining allegations set forth in Paragraph 31.

32.    Defendants admit the allegations set forth in Paragraph 32.

33.    Defendants admit the allegations set forth in Paragraph 33.

34.    Defendants admit that the Savannas Preserve contains small areas of scrub and extensive

tidal swamp.  Defendants deny the remaining allegations of Paragraph 34.

<b>Project Planning and 4(f) Analysis</b>

35.    Defendants admit the allegations set forth in Paragraph 35.

36.    The allegations set forth in Paragraph 36 purport to characterize the purpose and need for

the Project, which is set forth in the Final Environmental Impact Statement (FEIS), which speaks

for itself and is the best evidence of its contents.

**Alternatives Considered**

37.    The allegations set forth in Paragraph 37 purport to characterize the FEIS for the Project,

which speaks for itself and is the best evidence of its contents.

38.    Defendants admit that they considered a number of other alternatives in addition to the

Build Alternatives.  The remaining allegations set forth in Paragraph 38, including sub-

paragraphs a. through d., purport to characterize the FEIS for the Project, which speaks for itself and is the best evidence of its contents.

**Impacts of Selected Alternatives**

39.     Defendants admit that Build Alternative 1C was selected as the preferred alternative.

40.     The allegations set forth in Paragraph 40, including sub-paragraphs a-g, purport to characterize the FEIS for the Project, which speaks for itself and is the best evidence of its contents.

**Existence of Multiple Feasible and Prudent Avoidance Alternatives**

41.     Defendants admit the allegations set forth in the first sentence of Paragraph 41. Defendants deny the allegations set forth in the second sentence of Paragraph 41, and deny that there has been any violation of law whatsoever.  The third, and fourth sentences of Paragraph 41 purport to characterize the FEIS for the Project, which speaks for itself and is the best evidence of its contents.

*Spliced Beam 6A Alternative*

42.     Defendants admit that Alternative 6A, if constructed using the pretested post-tensioned (spliced) beam bridging option, would avoid all use of the Savannas Preserve and the Aquatic Preserve.  The remaining allegations set forth in Paragraph 42 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 42.

43.     The allegations set forth in Paragraph 43 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 43.

44.     The allegations set forth in Paragraph 44 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 44.

45.     The allegations set forth in Paragraph 45 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 45.

46.     The allegations set forth in Paragraph 46 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 46.

47.     Defendants deny the allegations set forth in the first sentence of Paragraph 47.  The allegations set forth in the second sentence of Paragraph 47 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 47.

48.     The allegations set forth in Paragraph 48 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 48.

49.     The allegations set forth in Paragraph 49 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 49.

50.     The allegations set forth in Paragraph 50 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 50.

51.      The allegations set forth in Paragraph 51 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 51.

***Aquatic Preserve Avoidance 6A Alternative***

52.      The allegations set forth in the first sentence of Paragraph 52 purport to characterize the FEIS for the Project which speaks for itself and is the best evidence of its contents.  The allegations set forth in the second sentence of Paragraph 52 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in the second sentence of Paragraph 52.

53.      The allegations set forth in Paragraph 53 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 53.

54.      The allegations set forth in Paragraph 54 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 54.

55.      The allegations set forth in Paragraph 55 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 55.

56.      The allegations set forth in Paragraph 56 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 56.

57.     The allegations set forth in Paragraph 57 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 57.

58.     The allegations set forth in Paragraph 58 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 58.

59.     The allegations set forth in Paragraph 59 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 59.

60.     The allegations set forth in Paragraph 60 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 60.

***Multimodal Alternative and TSM Alternative***

61.     Defendants admit the Multimodal Alternative avoids all use of the Preserves.  The remaining allegations set forth in Paragraph 61 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 61.

62.     The allegations set forth in Paragraph 62 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 62.

63.     Defendants deny the allegations set forth in Paragraph 63.

**Arbitrarily Restricted Pool of Remaining Alternatives**

64.     Defendants deny the allegations set forth in Paragraph 64, and deny any violation of law whatsoever.

65.     Defendants deny the allegations set forth in the first sentence of paragraph 65.  With regard to the second sentence of Paragraph 65, Defendants admit that Alternative 6A would use .01 acres of 4(f) property and that the Selected Alternative would use 2.23 acres of 4(f) property. Defendants deny the remaining allegations set forth in the second sentence of Paragraph 65. Defendants admit the allegations set forth in the third sentence of Paragraph 65.  With regard to the fourth sentence of Paragraph 65, Defendants admit that Alternative 6A would use fewer acres of wetlands than the Selected Alternative.  Defendants deny the remaining allegations set forth in the fourth sentence of Paragraph 65.  With regard to the fifth sentence of Paragraph 65, Defendants deny that any alternative would "pave over an established residential neighborhood," but Defendants admit that Alternative 6A would result in the relocations of 18 more single family homes than the Selected Alternative.  Defendants deny the remaining allegations set forth in the fifth sentence of Paragraph 65, and aver that Alternative 6A would also divide the neighborhood and negatively impact cohesion.  Defendants deny the allegations set forth in the sixth, seventh, and eighth sentences of Paragraph 65.

66.     The allegations set forth in the first, second, third, fourth, and fifth sentences of Paragraph 66 purport to characterize the FEIS for the Project, which speaks for itself and is the best evidence of its contents.  The allegations set forth in the sixth sentence of Paragraph 66 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in the sixth sentence of Paragraph 66.

67.     Defendants admit the allegations in the first sentence of Paragraph 67.[2]  Defendants deny the remaining allegations set forth in Paragraph 67.

## COUNT 1

### (Violations of the Transportation Act and the APA: Failure to Select Available Avoidance Alternative)

68.     The allegations set forth in Paragraph 68 purport to characterize Section 4(f) of the Department of Transportation Act of 1966, 49 U.S.C. § 303 and 23 U.S.C. § 138, which speak for themselves and are the best evidence of their contents.  The allegations set forth in Paragraph 68 also constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 68.

69.     The allegations set forth in Paragraph 69 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 69, and deny any violations of law whatsoever.

70.     The allegations set forth in Paragraph 70 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 70, and deny any violations of law whatsoever.

## COUNT 2

### (Violations of the Transportation Act and the APA: Failure to Minimize Impact to 4(f) Resources)

71.     The allegations set forth in Paragraph 71 purport to characterize Section 4(f) of the Department of Transportation Act of 1966, 49 U.S.C. § 303; 23 U.S.C. § 138; 23 C.F.R. § 774.3; and 23 C.F.R. § 774.17, which speak for themselves and are the best evidence of their contents.

---

[2] The allegations set forth in Footnote 2 purport to characterize the purpose and need for the Project, which speaks for itself and is the best evidence of its contents.

The allegations set forth in Paragraph 71 also constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 71.

72.     The allegations set forth in Paragraph 72, including sub-paragraphs a. and b., constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 72, deny the allegations set forth in sub-paragraphs a. and b., and deny any violations of law whatsoever.

73.     The allegations set forth in Paragraph 73 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 73, and deny any violations of law whatsoever.

**PRAYER FOR RELIEF**

74.     The allegations set forth in Paragraph 74, including sub-paragraphs a through g, constitute Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief they request or to any relief whatsoever.

**GENERAL DENIAL**

Defendants hereby deny each and every allegation in Plaintiffs' Complaint not previously admitted or otherwise responded to in this Answer.

WHEREFORE Defendants respectfully request that this Court deny Plaintiffs all relief requested, dismiss the complaint with prejudice, that all costs and expenses of this litigation be borne by the Plaintiffs, and grant Defendants such other relief as the Court deems appropriate.

## <u>AFFIRMATIVE DEFENSES</u>

In addition, Defendants may raise the following affirmative defenses:

1. Plaintiffs have failed to exhaust their administrative remedies with regard to one or more of their claims.

2. Plaintiffs lack standing to bring some or all of their claims.

3. Plaintiffs have failed to state a claim under the Transportation Act, or the APA on some or all of the issues raised in their Complaint.

4. Plaintiffs are estopped from asserting some or all of their claims.

5. Plaintiffs have waived their right to assert some or all of their claims.

6. Some or all of Plaintiffs' claims are moot or not ripe for adjudication.


Dated this 18th day of August, 2014.

                      Respectfully Submitted,

                      SAM HIRSCH
                      Acting Assistant Attorney General

                      *s/ Brian Collins*
                      BRIAN COLLINS (Fla. Bar No. A5501994)
                      Natural Resources Section
                      Environment & Natural Resources Division
                      United States Department of Justice
                      P.O. Box 7611
                      Washington, D.C.  20044-7611
                      Tel: (202) 305-0428; Fax: (203) 305-0506
                      e-mail:  brian.m.collins@usdoj.gov

                      ***COUNSEL FOR DEFENDANTS***

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on July 10, 2014 on all counsel or parties of record on the Service List below.

*s/ Brian Collins*
Brian Collins

**<u>SERVICE LIST</u>**

ROBERT N. HARTSELL, Esq.
Florida Bar No. 636207
SARAH M. HAYTER, Esq.
Florida Bar. No. 83823
Robert N. Hartsell, P.A.
Federal Tower Building
1600 S. Federal Hwy., Ste. 921
Pompano Beach, Florida 33062
Tel: (954)778-1052
Fax: (954)941-6462
Robert@Hartsell-Law.com
Sarah@Hartsell-Law.com

RACHEL S. DOUGHTY, *pro hac vice*
1202 Oregon St.
Berkeley, CA 94702
(828)424-2005
rdoughty@greenfirelaw.com

*COUNSEL FOR PLAINTIFFS*